


IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JACKSON PUBLIC SCHOOL DISTRICT PLAINTIFF

V. CIVIL NO.: 3:16-cv-371 WHB-JCG

BOTEC ANALYSIS CORPORATION,
MARK A.R. KLEIMAN AND BRAD ROWE DEFENDANTS

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

**COMES NOW** Plaintiff, by and through their undersigned counsel of record, and respectfully files their Complaint for injunctive and other relief against Defendant, BOTEC Analysis Corporation, and hereby states as follows:

**JURISDICTION AND VENUE**

1. This is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs. Because there is complete diversity of citizenship between Plaintiff and the Defendants, this Court has original jurisdiction under 28 U.S.C. § 1332(a).
2. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(a)(2) and (b) because Plaintiff is located in this judicial district and renders services here and because the events that gave rise to this Complaint occurred in this judicial district.

**PARTIES**

3. Plaintiff, Jackson Public School District (hereinafter "JPS"), is a public school district and political subdivision of the State of Mississippi, with its primary place of business located at 662 South President Street, Jackson, Mississippi 39205.

4. Defendant, BOTEC Analysis Corporation (hereinafter "BOTEC"), is a research and consulting corporation, with its primary place of business located at 322 North Mansfield Avenue, Los Angeles, California 90036.

5. Defendant BOTEC may be served with process of this Court by serving a copy of the Summons and Complaint upon its current President and Managing Director, Brad Rowe, at 322 North Mansfield Avenue, Los Angeles, California 90036.

6. Defendant Mark A.R. Kleiman, Chairman of BOTEC, may be served with process of this Court by serving a copy of the Summons and Complaint upon him at 322 North Mansfield Avenue, Los Angeles, California 90036.

7. Defendant Brad Rowe, President and Managing Director of BOTEC, may be served with process of this Court by serving a copy of the Summons and Complaint upon him at 322 North Mansfield Avenue, Los Angeles, California 90036.

## GENERAL FACTS

8. On or about May 11, 2016, BOTEC negligently and recklessly published and circulated the following document: "Capitol City Crime Prevention Study: School Discipline and Youth Violence Reduction in Jackson".

9. The report constitutes defamatory, inaccurate, offensive and misleading statements against JPS.

10. The report identifies JPS as a public school district with both conduct and discipline problems that does not adequately serve children.

11. The report identifies JPS as failing many of its students.

12. The report states that JPS is an unsafe environment with poor school safety officers. The report also states that JPS security resembles that of a jail.

13. The report states that the JPS transition to Positive Behavioral Interventions and Supports (PBIS) has been unsuccessful and without thoroughness and fidelity.

14. The report misrepresents that JPS has had a "fair share" of high profile legal challenges in special education violations and gender and racial discrimination while omitting that JPS was not a party to the special education violation lawsuit and omitting favorable legal outcomes for JPS in gender and racial discrimination lawsuits.

15. This publication has been circulated and published to citizens of the State of Mississippi, City of Jackson, JPS student, parents and personnel and various public officials.

16. Defendant Mark A.R. Kleiman, as Chairman of BOTEC, negligently and recklessly, authorized the circulation and publication of the report and its defamatory, inaccurate, offensive and misleading statements against JPS.

17. Defendant Brad Rowe, as President and Managing Director of BOTEC, was intricately involved in and negligently and recklessly authorized the circulation and publication of the report and its defamatory, inaccurate, offensive and misleading statements against JPS.

18. Defendants negligently and recklessly circulated and published the report without any input from JPS administration and other personnel.

**COUNT ONE – DEFAMATION**

19. JPS realleges the allegations set forth in paragraphs 1 through 18 as set forth above.

20. On or about May 11, 2016, Defendants widely circulated to citizens of the State of Mississippi, City of Jackson, JPS student, parents and personnel and various public officials its purported findings in a report entitled "Capitol City Crime Prevention Study: School Discipline and Youth Violence Reduction in Jackson." The report was also

distributed in print to members of the Capitol Crime Commission and upon information and belief, to other attendees at the May 11, 2016 Criminal Justice Reform Task Force meeting. A true and correct copy of the report is attached hereto as Exhibit A.

21. The report discusses JPS' dropout rate and alleges that it is high. However, the report failed to mention that the graduation rate has seen an increase this year, a fact which Defendants admit. See Exhibit A. Defendants published this report orally and in print.

22. Defendants' report also states that boredom and lack of supervision are major challenges. However, JPS maintains that lack of supervision of its scholars, as students are referred to in the District, is not a major challenge.

23. Defendants' report accuses JPS of poor conduct, poor discipline, regularly calling the police department to solve problems with school life, labeling scholars as "bad kids" with "bad parents", having a security system in the schools that resembles that of jails, providing little options to scholars who present the most challenging disciplinary cases, finger pointing by JPS to school officials, community services, police, juvenile justice officials, and churches, and gender and race discrimination. JPS denies these false allegations. Defendants, even after having learned the truth, failed to fully correct these defamatory, false and misleading statements.

24. JPS informed Defendants of its displeasure with the defamatory report and noted that it did not interview the superintendent of schools or other key administrators at the inception of the study to ascertain true information about JPS. However, Defendants have largely refused to correct the report. Instead, Defendants' response was to blame the JPS legal department for roadblocks despite the fact that the legal department crafted an agreement by which scholar information could be provided to Defendants and protected.

See Exhibit B. Upon information and belief. the Defendants will continue to present the report and publish the defamatory, inaccurate, offensive and misleading report to a wide audience which will further defame and harm JPS.

25. Defendants' conduct purposely serves to mislead the public and school community about JPS and severely damages the District and its scholars with their so-called "study" by making embarrassing and cruelly false assertions with no basis in fact. For instance, Defendants, in a paragraph about JPS legal challenges, reports that a federal lawsuit involving JPS special education violations was settled in October 24, 2014, but fail to even mention that JPS was never a party to the lawsuit that was settled. A true and correct copy of the order is attached hereto as Exhibit C. In another example of misleading and inaccurate assertions, Defendants' report that JPS had been engaged in race and gender discrimination involving a former administrator who was allowed to proceed with her lawsuit. However, Defendants failed to report that a jury found in favor of JPS on the race and gender discrimination claims. A true and correct copy of the Order is attached hereto as Exhibit D.

26. By following this misleading, malicious, reckless, intentional and false pattern and practice of conduct throughout this report, Defendants' actions are the proximate cause of harm to Plaintiff JPS. Based on the foregoing, Defendants should be assessed with sufficient punitive damages to serve as a deterrent to further such conduct and as punishment for their reckless, intentional, misleading and malicious conduct against JPS.

**COUNT TWO – FALSE LIGHT**

27. Plaintiff JPS realleges the allegations set forth in paragraphs one through 26 as set forth above.

28. By publishing or causing to be published the false allegations described above, including the assertions that JPS security resembles that of jails at some schools, failing to mention that JPS dropout rates have in fact increased, and that it discriminates on the basis of race and gender when the suit referenced was actually won by JPS, Defendants have placed JPS in a false light.

29. The false light created by Defendants' allegations and inaccurate, misleading and false report would be highly offensive to a reasonable person.

30. Defendants knew the statements alleged herein would create a false impression about Plaintiff JPS and/or acted in reckless disregard of the truth.

31. As a direct and proximate cause of Defendants' conduct, Plaintiff JPS has suffered damages in an amount to be proven at trial. Defendants knew or should have known that Plaintiff JPS, as the State's only urban school district, faces unique challenges such as funding and an effort by charter schools to recruit its best and brightest scholars. Defendants' published report caused or, upon information and belief, will be a direct and proximate cause of Plaintiff JPS' loss of reputation, loss of funding, and loss of business, community support and/or school district improvement opportunities—all of which are needed to successfully operate a school district.

32. Defendants did not engage in their conduct out of any sincere or proper motive, but did so knowingly, willfully and oppressively, with full knowledge of the adverse effects that their actions would have on Plaintiff JPS, and with willful and deliberate disregard for these consequences. Accordingly, Plaintiff JPS is entitled to recover damages to its reputation, loss of business opportunities, compensatory damages, and punitive damages

from Defendants in an amount to be determined at trial. Additionally, Plaintiff JPS is entitled to injunctive relief.

WHEREFORE, Plaintiff Jackson Public School District requests that this Court enter judgment against the Defendants awarding special damages, compensatory damages, punitive damages, injunctive relief and such other relief as this Court deems just and appropriate.

This the 17th day of May, 2016.

**Respectfully submitted,**
**JACKSON PUBLIC SCHOOL DISTRICT**

**By:** JoAnne N. Shepherd
**JoAnne N. Shepherd, MSB# 8598**
**KaShonda L. Day, MSB# 103144**

**OF COUNSEL:**

**JOANNE N. SHEPHERD, ESQ.**
**KASHONDA L. DAY, ESQ.**
**Jackson Public School District**
**Post Office Box 662**
**Jackson, Mississippi 39225-2338**
**Telephone: (601) 960-8916**
**Facsimile: (601) 973-8545**
jnelson@jackson.k12.ms.us
kaday@jackson.k12.ms.us